UNITED STATES DISTRICT COURT

FOR EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GORDON E. DOVE, PARISH PRESIDENT ON BEHALF OF TERREBONNE PARISH CONSOLIDATED GOVERNMENT | * | CIVIL ACTION |
| VERSUS | * | NUMBER |
| U.S DEPARTMENT OF TRANSPORTATION; PETE BUTTIGIEG, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF TRANSPORTATION; FEDERAL HIGHWAY ADMINISTRATION; STEPHANIE POLLOCK, IN HER OFFICIAL CAPACITY AS FEDERAL HIGHWAY ADMINISTRATION ACTING ADMINISTRATOR | * | SECTION:    MAG: |

**COMPLAINT FOR REVIEW OF FEDERAL HIGHWAY ADMINISTRATION'S ADMINISTRATIVE DECISION PURSUANT TO 5 U.S.C.A. § 702 AND REQUEST FOR EXPEDITED HEARING**

Plaintiff, Terrebonne Parish Consolidated Government (TPCG), from Terrebonne Parish, Louisiana, through its Parish President Gordon E. Dove, brings this suit under the Federal Administrative Procedures Act seeking judicial review of the Federal Highway Administration's (FHWA) denial of a Touhy request for deposition testimony of Charles Bolinger, Division Administrator, FHWA, Louisiana Division and Mark Stinson, Major Project Engineer, FHWA, Louisiana Division. In support of this action, TPCG alleges as follows:

**Parties**

1.

Plaintiff, Gordon E. Dove, acting by and through TPCG, is a political subdivision of Louisiana. TPCG's official address is 8026 Main Street, Houma, LA 70361.

2.

FHWA is an agency within the U.S. Department of Transportation. FHWA's Louisiana Division is located at 5304 Flanders Drive, Suite A, Baton Rouge, LA 70808.

3.

FHWA is subject to jurisdiction of this court by delivering a copy of the summons and this Complaint to Duane A. Evans, the United States Attorney for this district, sending a copy of the summons and this Complaint by registered or certified mail to Robert M. "Monty" Wilkinson, the Attorney General of the United States, and sending a copy of the summons and of the Complaint by registered or certified mail to FHWA's acting administrator, Stephanie Pollock.

**Jurisdiction and venue**

4.

This court has jurisdiction over this matter under 28 U.S.C.A. § 1331 as a civil action arising under the laws of the United States and under 5 U.S.C.A. § 702, the Administrative Procedures Act.

5.

Plaintiff has exhausted the procedural requirements to request testimony of an FHWA employee as set forth in 49 C.F.R. §9.9. FHWA's denial of that request is subject to review by this court in accordance with 5 U.S.C.A. § 706.

6.

Venue is proper in this court pursuant to 28 U.S.C.A. § 1391. The decision which TPCG seeks to have this court overturn arises out of a Touhy request for testimony issued and actions taken within this district.

**Factual Background**

7.

FHWA facilitates the Louisiana Federal-Aid Highway Program, a federal aid program for constructing local roadways in compliance with federal law and regulations.

8.

This program is a partnership whereby the federal share of project costs is eighty percent (80%), and the local share of project costs is twenty percent (20%).

9.

By law and regulation, FHWA has the right to contract with DOTD to administer this program on FHWA's behalf.

10.

TPCG applied for and was awarded FHWA aid through the Louisiana Federal-Aid Highway Program for the Hollywood Road Construction Project, Project Number H 007350 (The Hollywood Project).

11.

Federal law places a non-delegable duty on DOTD to administer this program.

12.

DOTD's Department engineers and employees selected engineers and bid construction for the Hollywood Project.

13.

DOTD reviewed, stamped, and approved all plans and specifications on behalf of FHWA for this Project.

14.

However, DOTD mandated TPCG to sign the agreement for construction of the Hollywood Project with the contractor, Conti Enterprises, Inc. (Conti).

15.

DOTD was made a party to the underlying litigation by Conti and TPCG as the statutory and contractual agent of FHWA. DOTD has filed exceptions in state court claiming it should not be a party.

16.

The Federal-Aid Highway Program has different requirements primarily based upon the type of varied systems such as National Highways (Interstate) and Non-Highway systems, Hollywood Road is a Non-Highway system.

17.

DOTD claims that it must seek approval and decisions from FHWA representatives who are located within DOTD facilities in Baton Rouge on this Project.

18.

This is governed by agreements between DOTD and FHWA and FHWA policy manuals.

19.

On April 14, 2015, Conti brought suit against Providence/GSE Associates, LLC in an action styled *Conti Enterprises, Inc. v. Providence/ GSE Associates, LLC, Robert Williams, Jr., Aspen Specialty Insurance Company* in the 32nd Judicial District Court of the state of Louisiana, Terrebonne Parish, Docket Number #174,385. A true and correct copy of the original Petition for Damages in the Underlying Litigation is attached herein to this Complaint and pled in extenso as

**Exhibit 1**. The Underlying Litigation is pending in the 32nd Judicial District Court of the State of Louisiana.

20.

On or around October 22, 2018, Conti amended its original petition, naming TPCG and DOTD as defendants. A true and correct copy of the First Amended and Supplemental Petition for Damages in the Underlying Litigation is attached to this Complaint as **Exhibit 2**. The Underlying Litigation is based upon the following allegations:

21.

Contractor, Conti seeks recovery of damages in tort, for breach of contract, for relief as a third-party beneficiary and under other alleged theories of relief. In its petition, Conti claims millions in delay damages based upon its allegations that the plans and specifications for the Hollywood Project in Terrebonne Parish were deficient and that materially different site conditions existed.

22.

Conti alleges DOTD is "subject to liability in its role as the contract administer, including but not limited to its recent failure to administer funding for amounts owed to Conti, in addition to its initial failure to furnish sufficiently definite and explicit plans and specifications for bidding" (Exhibit 2, Bates No. 0013).

23.

In 2007, the FHWA and DOTD entered into the Louisiana Federal-Aid Highway Program Stewardship Agreement (the "Stewardship Agreement") to clarify the parties' roles and responsibilities in administering the aid program. A true and correct copy of TPCG's Second Supplemental and Amended Petition for Reconventional Demand is attached herein and pled in

extenso as **Exhibit 3**. *See* attached copy of the Stewardship Agreement (Exhibit 3, Bates No. HM0027). Section IV-H of the Stewardship Agreement provides for the "Financial Management" of Federal-Aid Highway Projects, and places responsibility on FHWA for financial management of non-National Highway System (non-NHS) Projects. The FHWA aid program provides federal dollars from the Highway Trust Fund to DOTD which, along with local matching funds, may be used to build and/or improve roadways. The matching local fund ratio for the Hollywood Project is 80% federal (FHWA) dollars and 20% local dollars.

24.

The Stewardship Agreement requires that all non-NHS Projects are designed, constructed, operated, and maintained in accordance with state law, regulations, directives, safety standards, design standards, and construction standards, in lieu of many Title 23 U.S.C. requirements. Stewardship Agreement §III-A (Exhibit 3, Bates Nos. HM0032-HM0033). La. R.S. 48:192 requires that the DOTD establish design standards following "best engineering practices and experiences" and complying with "all federal regulations necessary to obtain federal aid for road and bridge construction in Louisiana."

25.

The Hollywood Project utilized FHWA money secured through an FHWA aid program to finance roadway improvement projects listed on the approved Federal-Aid Urban System. FHWA, under the authority of federal law and regulations, including Title 23 of the United States Code, implements the aid program within the state of Louisiana through the State of Louisiana's DOTD. Pursuant to federal law, the FHWA utilizes the DOTD as its agent to manage and administer the program. To date, upon information, FHWA has provided $18,785,789.00 in funding to the Hollywood Project.

26.

Among the requirements are those set forth in DOTD's Engineering Directives and Standards Manual (EDSM), which contains policies, procedures, standards, and guides relating to the administration of the Highway Program. Pertinent EDSM provisions are contained within Exhibit 3 at Bates Nos. 210-314. The EDSM requires all change orders be approved by DOTD Chief Engineer, The DOTD District Engineer, or their designees. EDSM III.1.1.1 (Exhibit 3, Bates No. HM0236). The EDSM also prescribes a system by which the DOTD must investigate and resolve Contractors' Requests for Additional Compensation. EDSM III.1.1.28 (Exhibit 3, Bates No. HM0277). Despite its statutory and contractual responsibility for ensuring the Hollywood Project's compliance with regulations necessary to obtain federal aid, DOTD's pleadings submitted in the Underlying Litigation emphasize FHWA's role in approving the use of federal funds for the Hollywood Road Project. In its Exception of Improper Venue in response to Conti's Claims, DOTD alleges that "all decisions related to the eligibility of FHWA funds for participation in project costs were made in East Baton Rouge Parish at the offices of DOTD Headquarters or the administrative offices of FHWA." A true and correct copy of DOTD's Exceptions to Conti's claims and its Memorandum in Support are attached to this Complaint herein and pled in extenso as **Exhibit 4**.

27.

On May 14, 2020, TPCG filed a cross-claim against DOTD. A true and correct copy of TPCG's Original Reconventional Demand, Cross-Claim, and Third-party Demand, as well as its First Supplemental and Amended Reconventional Demand, Cross-Claim, and Third party Demand are attached to this Complaint herein and pled in extenso as **Exhibits 5 and 6**, respectively. Yet again, in its exceptions against TPCG's cross-claim, DOTD attempted to minimize its role by

alleging it merely submitted a recommendation to FHWA regarding Conti's claims for additional compensation. A true and correct copy of DOTD's Exceptions to TPCG's cross-claims and Memorandum in Support are attached to this Complaint herein and pled in extenso as **Exhibit 7**.

**Reasons for TPCG's Request for the Testimony of FHWA Personnel**

28.

DOTD has made numerous defenses through exceptions that claim only TPCG should be the defendant. DOTD has made clams concerning its relationship and decision-making authority with FHWA-that FHWA possesses knowledge. DOTD has exceptions set on June 28, 2021, and plans to call several DOTD employees, but not FHWA personnel. DOTD's assertions would leave TPCG, a small jurisdiction, alone when FHWA/DOTD funded eighty percent (80%) of the Hollywood Project.

29.

On or about June 5, 2020 and October 16, 2020, counsel for TPCG provided written requests to FHWA, to take Deponents', Charles Bolinger and Mark Stinson's, depositions. True and correct copies of TPCG's June 5, 2020 and October 16, 2020 requests to FHWA are attached to this Complaint herein and pled in extenso as **Exhibits 8 and 9**, respectively. The letters complied with 49 C.F.R. § 9.15 in all respects. Each request was denied in writing by FHWA.

30.

The June 5, 2020 letter outlined 22 specific topics regarding which TPCG sought testimony from Charles Bolinger and Mark Stinson as follows:

   a. Nature of relationship, respective responsibilities, and interaction between FHWA and its supervising agency, DOTD, as to projects in general and the Hollywood Project in particular-which agency has final authority as to which aspects of the Hollywood Project?
   b. History of the Hollywood Project within the FHWA

c. How requests for reimbursement are generally handled within FHWA –particular considerations to approve or disapprove various requests
d. How requests specific to the Hollywood Project were handled and reviewed by FHWA
e. How responsibility and oversight of FHWA is carried out in general and specifically as it relates to the Hollywood Project.
f. Particular issues arising during Hollywood Project
g. Discuss particular authority delegated to DOTD by FHWA for this non-NHS project -project, contracts, choosing engineers, bidding, plans, specifications, approval, construction proposal change orders, and settlement of claims
h. Which particular personnel of DOTD reported to FHWA on the Hollywood Project?
i. Louisiana Federal-Aid Highway Program Stewardship Agreement 2007 and 2015 and any other agreements between DOTD and FHWA
j. "Who is the FHWA?? … and what do they do?" by Mary Stringfellow and Carl Highsmith in January, 2011 and any other publications
k. Any and all proposed Change Orders for the Hollywood Road Project, and FHA's involvement in the decision-making on same
l. DOTD contracts with TPCG for the Hollywood Road Project
m. TPCG contracts with Providence/GSE Associates, LLC for the Hollywood Road Project
n. TPCG contracts with Hartman Engineering, Inc. for the Hollywood Road Project;
o. TPCG contract with Conti Enterprises, Inc.
p. Construction Proposal for the Hollywood Road Project
q. Conti Waterline Dispute Claims under its Transmittal 196 for the Hollywood Road Project
r. Conti 610mm Sewer Force Main Claims under its Transmittal 203 for the Hollywood Road Project
s. Conti's Time Impact Claims submitted under its Transmittal 208 for the Hollywood Road Project
t. Conti's Geotechnical Dispute Claim submitted under its Transmittal 215 for the Hollywood Road Project
u. DOTD's recommended responses to TPCG on the above claims submitted by Conti
v. FHWA's involvement and/or communications with DOTD on the above claims submitted by Conti

31.

In letters dated July 1, 2020 and January 19, 2021, FHWA Attorney-Advisors Michelle Androtra and Ailya Zaidi responded to TPCG's deposition requests. True and correct copies of these responses are attached to this Complaint respectively, in extenso, as **Exhibits 10 and 11**.

The letters state that FHWA counsel instruct Charles Bolinger and Mark Stinson not to testify on the matter.

32.

The July 1, 2020 FHWA response letter identifies multiple cursory, indefinite reasons for FHWA's refusal to comply with the deposition request. FHWA summarily objects to depositions of Charles Bolinger and Mark Stinson as follows:

> Neither the Department of Transportation nor the United States is a party to this litigation. Allowing Mr. Bolinger or Mr. Stinson to testify in this matter is a deviation from FHWA's core mission. Testimony from either Mr. Bolinger or Mr. Stinson could serve to embroil FHWA in any number of related or even unrelated controversies, which could well impact FHWA's ability to carry out its core mission. Moreover, it appears that some of the information you seek from Mr. Bolinger and Mr. Stinson could be obtained from other sources, such as the State of Louisiana's Department of Transportation and Development, a co-defendant in the case.

33.

This broad dismissal by FHWA does not acknowledge that it is the principal fiscal sponsor of the Hollywood Project; by law and the Stewardship Agreement, FHWA is charged with final oversight over many aspects of the Hollywood Project through the Louisiana Department of Transportation and Development. The July 5, 2020 denial letter does not provide any explanation of the particular bases of FHWA's refusal to comply with the request for testimony.

34.

The July 5, 2020 refusal effectively prejudices TPCG's defense in the Underlying Litigation; again, it has a twenty percent (20%) stake in this Project.

35.

As set out in TPCG's June 5, 2020 request, given the meager FOIA response by FHWA and that response's lack of documentation regarding oversight, analysis of bidding documents and assessment of Conti's requests for reimbursement, TPCG has no way to mount a fully informed defense or to evaluate its exposure and would have to rely solely on self-serving testimony of co-defendant, DOTD.

36.

In light of the claims for millions of dollars by the contractor, Conti, and TPCG's obligations to its citizens to defend against those claims, TPCG made a second plea to FHWA on October 16, 2020 for testimony. TPCG provided more detailed argument and attempted to trigger a 49 CFR 9.1(c) exception to justify a deviation from the requirements of the DOT FHWA's Part 9 regulations.

37.

TPCG's October request countered each of FHWA's previously invoked statutory objections as follows:

a. Conserving the time of employees for conducting official business
- TPCG agrees to set a reasonable time limit for each deposition consistent with FHWA's needs and FHWA's $18.7 million investment.

b. Minimizing the possibility of involving the agency in the controversial issues not related to its mission.

- A disputed contract claim on a road construction case is a common matter and not at all controversial. Testimony outlining and delineating FHWA involvement in one of its own Highway Trust Fund projects is clearly related to its mission.

c. Maintaining the impartiality of the agency.
- How can FHWA be impartial on a contract it allowed DOTD to enter with over eighty percent (80%) funding liability? TPCG is requesting factual testimony on the administrative processes of FHWA generally and in particular on the Hollywood Project-other than the facts of this project; no opinion or expert testimony will be sought. FHWA and/or DOTD as an agent of FHWA makes decisions on the contracts and payments.

d. Avoiding spending the time and money of the United States for private purposes.
- TPCG certifies its willingness to take the requested testimony at the most convenient location of the witnesses, including, at the offices of Mr. Bolinger and Mr. Stinson at TPCG's own expense. This case does not involve private matters, it involves a Highway Trust Fund Project and a public roadway.

e. Protecting confidential, sensitive information and the deliberative processes of the agency.
- The manner of disbursement and general administration of such contracts and funds by the FHWA on one of its Highway Trust Fund Projects is neither confidential nor sensitive.
- FHWA contracts with DOTD to act as its representative pursuant to federal law and regulation. At issue is the authority of DOTD and FHWA over one another.

38.

TPCG's October request also set out persuasive information and project background in support of an exception to the §9.1 general restrictions provided in 49 C.F.R. §9.1 (c), that would allow the requested testimony. TPCG explained at length how the:

1. The requested testimony is necessary to prevent a miscarriage of justice.
2. The Department has an interest in the decision that may be rendered in the legal proceeding.
3. Allowing the testimony as an exception is in the best interest of the United States.

39.

TPCG argued in its October request:

Operating in a void of information to provide to the court regarding oversight of the contract by FHWA and the thorough review by FHWA and DOTD of Conti's claims places TPCG, DOTD and FHWA in jeopardy of the court ruling on the claims of Conti without fully understanding the rationale for their denial. It is certainly **in the best interest of the United States** to avoid such a **potential miscarriage of justice** by providing factual information regarding the administration of the Hollywood Road Project. FHWA is the largest funding participant for the project and in the absence of such testimony, FHWA may tarnish a twelve-million-dollar federal Highway Trust Fund project. Further emphasizing the **FHWA's interest in the court's ultimate decision**, in the unlikely event that the court rules that Conti's claims should be paid and finds no negligence on the part of DOTD or TPCG, the parties would seek FHWA funding to satisfy any judgment (emphasis added).

40.

The October TPCG Touhy request referenced TPCG's contract with DOTD on the Hollywood Project and DOTD's Stewardship agreement with FHWA as evidence of FHWA's interest and evidence of the grounds necessary to trigger exemptions:

As these excerpts from the Stewardship Agreement evidence, the FHWA serves as much more than a "silent" partner on non-NHS FAHP projects. It appears the FHWA provided the ultimate layer of administration, monitoring and oversight to ensure that the Hollywood Road Project was properly handled within the

parameters of FHWA and FAHP federal authority. TPCG has learned that DOTD plans to highlight FHWA involvement in the ongoing litigation when as provided in its memorandum in support of its exceptions related to venue, DOTD submitted the following information regarding testimony DOTD plans to provide to the Court:

> Specifically, at the hearing of the Exceptions, the Department will offer the testimony of the DOTD Chief Engineer, Christopher P. Knotts, P.E., and the DOTD Chief Construction Engineer, Michael Vosburg. The Chief Engineer will testify that a representative of the Department, working in his office at DOTD Headquarters in Baton Rouge, reviewed and evaluated the plaintiff's claims. Based on that evaluation of the claims and their own evaluation of the eligibility of those claims for FHWA participation, the Chief Engineer and Mr. Vosburg met with representatives of FHWA and to review the facts and circumstances of the plaintiff's claims. **In the course of that meeting at DOTD Headquarters in Baton Rouge, <u>FHWA representatives concluded and advised that the plaintiff's claims were not eligible for FHWA funding</u>. The DOTD Chief Engineer and Chief Construction Engineer concurred with the determination of the FHWA Regional Director and the FHWA Major Projects Engineer.** (emphasis added).

DOTD's Reply Memorandum in Support of Exceptions and Response to Plaintiff's Memorandum in Opposition to Exceptions, attached herein and pled in extenso as **Exhibit 12**.

41.

The October TPCG Touhy request referenced DOTD's argument in the Underlying Litigation implicating the role of FHWA on the Hollywood Project as evidence of FHWA's and the United States' interest in the Underlying Litigation to serve as the grounds necessary to trigger an exemption allowing the requested FHWA testimony:

> Although the Stewardship Agreement and TPCG's contract with DOTD would suggest otherwise, DOTD is currently arguing that it had little participation in oversight and decisions related to Conti's allegations and that it bears no responsibility for the potential liability arising from Conti's claims on the Hollywood Road Project. DOTD's argument and pleadings assign responsibility to either TPCG or FHWA. Thus, in order to avoid a **miscarriage of justice** and **in the best interest of the United States**, TPCG requires the testimony of FHWA to clarify which entity is responsible for which aspects of the project. In the absence of FHWA's direct testimony, DOTD interprets the various contractual responsibilities and assigns various authorities unchecked.

42.

On or about January 19, 2021, Ailya Zaidi, FHWA Attorney-Advisor, responded to TPCG's October 16, 2020 request by reiterating FHWA's objections to Deponents' testimony and indicating that FHWA would not rescind its objection to the requested testimony. The FHWA denial provided no analysis or explanation beyond a recitation of the statutory objections, a conclusion that each objection would be implicated and a determination that none of the three possible exemptions were applicable. TPCG maintains that the deposition of FHWA representatives involved in the decision to decline the requests for additional compensation made

by Conti that ultimately gave rise to this lawsuit (and corresponding litigation) is necessary, probative, and vital.

43.

Despite FHWA's repeated objections to the contrary, Deponents' deposition is probative, vital testimony in the Underlying Litigation.

44.

TPCG needs and is entitled to discover evidence consistent with or in contradiction to Conti's allegations. No documents have been produced to TPCG that include notes, procedures or documents Charles Bolinger and Mark Stinson took or created as it relates to the Hollywood Project and the administrative and supervisory role of FHWA. Any records and documents produced by FHWA do not obviate the need and rights of TPCG to obtain Deponents' sworn testimony.

45.

TPCG maintains that the depositions of Charles Bolinger and Mark Stinson are necessary because these individuals have information that is relevant to the claims of Conti and the defenses and exceptions to same raised by TPCG in the underlying litigation; the discovery requested is within the scope of discovery under the Louisiana Rules of Civil Procedure. To deny TPCG's rights to take the requested depositions may be a violation of TPCG's due process of law under the Fifth Amendment of the United States Constitution.

46.

TPCG respectfully requests that this court issue an order reversing FHWA's denial of TPCG's request to take the depositions of Charles Bolinger and Mark Stinson satisfies the exemption of 49 C.F.R. § 9.9 and that TPCG can and allowing TPCG to take said depositions; to

hold otherwise is unfounded an unlawful abuse of discretion, as it is an arbitrary and capricious denial in violation 5 U.S.C.A. § 706.

47.

DOTD's agency relationship with FHWA and the ultimate program decision making between DOTD and FHWA are at issue.

**Prayer for Relief**

WHEREFORE, TPCG requests that this court enter an order:

(a) reversing the decision of the Federal Highway Administration to prohibit Charles Bolinger and Mark Stinson from testifying in *Conti Enterprises, Inc. v. Providence/ GSE Associates, LLC, Robert Williams, Jr., Aspen Specialty Insurance Company, and Terrebonne Parish Consolidated Government, Et Al, in the* 32nd Judicial District Court of the state of Louisiana, Terrebonne Parish, Docket Number #174,385;

(b) ordering the Federal Highway Administration to make Charles Bolinger and Mark Stinson available for deposition in Louisiana 32nd Judicial District Docket No. 174,385.

(c) setting an expedited hearing; and

(d) granting such further and additional relief as the court deems just and proper.

Respectfully Submitted,

                                              ____/s/ *Julius P. Hebert, Jr.* _____
                                              Julius P. Hebert, Jr. (La. Bar Roll No. 14367)
                                              Brian J. Marceaux (La. Bar Roll No. 19694)
                                              4752 Hwy. 311, Suite 114
                                              Houma, LA 70360
                                              Telephone: (985) 876-4324
                                              Email: juleshebert@hmlawfirm.com

Facsimile Telecopier: (985) 876-4325
Attorneys for the Terrebonne Parish Consolidated Government

and

Law Office of Courtney E. Alcock
Courtney E. Alcock (La. Bar Roll No. 24273)
209 Goode Street, Suite 301
P.O. Box 1905
Houma, LA 70361
Telephone: (985) 655-6104
Email: calcock@alcocklaw.net
Facsimile Telecopier: (985)655-6106
Co-counsel for the Terrebonne Parish Consolidated Government

and

Law Office of Patrick H. Yancey
Patrick H. Yancey (La. Bar Roll No. 23,831)
761 West Tunnel Blvd., Suite C
Houma, Louisiana 70360
Telephone:985-853-0904
E-Mail: patyancey@patrickyancey.com
Facsimile Telecopier: (985) 853-0992
Co-counsel for the Terrebonne Parish Consolidated Government

Attorneys for Plaintiff