UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERREBONNE PARISH CONSOLIDATED GOVERNMENT | CIVIL ACTION |
| VERSUS | NO. 21-701 |
| U.S. DEPARTMENT OF TRANSPORTATION, ET AL. | SECTION "R" (2) |

### ORDER AND REASONS

Before the Court is the parties' joint motion to stay and administratively close this case.[1] For the following reasons, the Court grants the motion, and stays and administratively closes this case.

## I.     BACKGROUND

This is an Administrative Procedure Act ("APA") case, in which plaintiff seeks federal-employee deposition testimony from defendants the U.S. Department of Transportation and Federal Highway Administration ("FHWA"), for use in a pending state-court case.[2] When this federal case was initiated, the federal defendants were not parties to the state case.

The parties agreed that this matter should be resolved without a trial and instead on cross-motions for summary judgment based on the

---

[1]     R. Doc. 33.
[2]     R. Doc. 1 (Complaint).

administrative record.³ The Court thus set a briefing schedule.⁴ On December 20, 2021, the parties moved to continue the deadlines for their summary-judgment motions, pending amicable resolution of their dispute.⁵

The parties now represent that they have been unable to resolve their dispute, and that federal defendant FHWA has been added as a third-party defendant in the state case.⁶ They therefore seek to stay and administratively close this case so that their dispute can be resolved in context of the state-court case.⁷ Specifically, in light of the FHWA's addition to the state case, the parties seek to resolve certain jurisdictional issues, and to determine the posture, and possible mootness, of this APA case.⁸

The Court considers the motion below.

## II. DISCUSSION

"A district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir.

---

3  *See* R. Doc. 19.
4  R. Doc. 26.
5  R. Doc. 31.
6  R. Doc. 33 at 2.
7  *Id.*
8  *Id.*

2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This inherent authority extends to granting a stay in an appropriate proceeding. *See, e.g.*, *Landis*, 299 U.S. at 254; *Complaint of Hornbeck Offshore (1983) Corp.*, 981 F.2d 752, 755 (5th Cir. 1993).

The U.S. Supreme Court's decision in *Landis* governs the Court's analysis in terms of the factors it must consider in deciding whether to grant a discretionary stay. *See, e.g., Ha Thi Le v. Lease Fin. Grp., LLC*, No. 16-14867, 2017 WL 2915488, at *6 (E.D. La. May 9, 2017) (citing *Landis* in determining whether to grant a discretionary stay). Under *Landis*, the Court "must weigh competing interests and maintain an even balance" when considering whether to grant a stay. *Landis*, 299 U.S. at 254-55. In applying *Landis*, courts consider the following factors: "(1) any hardship imposed on the moving party by proceeding with the action, (2) any prejudice to the non-moving party if the stay is granted, and (3) the interests of judicial economy." *Maples v. Donzinger*, No. 13-223, 2014 WL 688965, at *2 (E.D. La. Feb. 21, 2014); *see also Strong ex rel. Tidewater, Inc. v. Taylor*, No. 11-392, 2013 WL 81889, at *2 (E.D. La. Mar. 5, 2013) (considering these three factors).

Here, the Court finds that these considerations weigh in favor of a stay. First, proceeding with this action would cause hardship to all parties, as they would need to litigate overlapping issues in this APA case and the ongoing

3

state case. Second, entering a stay would not prejudice any party. Indeed, the parties jointly move for a stay. Third, judicial economy favors a stay, because certain developments in the state case could significantly narrow the scope of this case, or render it moot altogether. Proceeding with the current summary-judgment briefing schedule would waste judicial resources.

Having taken these factors into account, the Court finds that a stay of this case is appropriate.

## III. CONCLUSION

Accordingly, the Court GRANTS the parties' motion. This matter is STAYED and ADMINISTRATIVELY CLOSED. The stay may be lifted and the case reopened upon motion of any party. If such a request is granted, the Court will set a new briefing schedule.

New Orleans, Louisiana, this __12th__ day of April, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE